**IN THE UNITED STATES FEDERAL COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DALE WILKINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>HOWARD ANDREWS and<br><br>LISA DIEHI GREGORY<br><br>    Defendants | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, DALE WILKINSON ("Plaintiff" or "WILKINSON"), by and through undersigned counsel, hereby files Plaintiff's Complaint for Damages and for Declaratory Judgment, against Defendant, HOWARD ANDREWS ("ANDREWS") and LISA DIEHI GREGORY ("GREGORY") (collectively "Defendants"), and alleges the following:

Plaintiff files this Complaint for damages and for a Declaratory Judgment, pursuant to Chapter 37 of the Texas Codes, and alleges the following:

**JURISDICTION AND VENUE**

1. Plaintiff hereby incorporates by reference all previous allegations as though fully set forth herein.

2. ANDREWS is a citizen of Texas.

3. GREGORY is a citizen of Texas.

4. WILKINSON is a citizen of Florida.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6. Venue is proper in the Southern District of Texas as Defendants do business and/or reside in Montgomery, Texas.

## PARTIES

3. At all times material to this action, Plaintiff, DALE WILKINSON, was, and continues to be, an adult individual who is a citizen of Florida and residing in Sarasota County, Florida.

4. At all times material to this action, Defendant, ANDREWS and GREGORY, were, and continue to be, adult individuals who are citizens of Texas and residing at 15637 Marina Dr, Unit 5, Montgomery, TX 77316, Montgomery County.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

6. In 2006, Plaintiff acquired a 1962 Chevrolet Corvette bearing the vehicle identification number (VIN) of 20867S111261, hereinafter, "Subject Vehicle 1".

7. Upon information and belief, Subject Vehicle 1 is worth approximately $110,000.00 today. *A true and correct copy of the appraisal of Bill Trier is attached hereto as Exhibit A and incorporated herein.*

8. Plaintiff was provided with a Massachusetts title at the time.

9. Plaintiff did not register Subject Vehicle 1 at that time.

COMPLAINT

- 2 -

10. In 2022, Plaintiff moved to Florida and, upon attempting to register Subject Vehicle 1, discovered the existence of a second Corvette, hereinafter, "Subject Vehicle 2," bearing an identical Vehicle Identification Number ("VIN").

11. Upon information and belief, ANDREWS and GREGORY are co-owners of Subject Vehicle 2.

12. Subject Vehicle 2's history can be traced in part through North Carolina and Florida prior to be sold to the Defendants.

13. Upon information and belief, North Carolina and Florida, upon reviewing Subject Vehicle 2's history, canceled the titles on their records.

14. Kenneth W. Kayser (KAYSER), published expert of Corvettes, inspected photographs of the VIN tags of Subject Vehicles 1 and 2.

15. KAYSER determined that Subject Vehicles 1's VIN plate was authentic and original to Subject Vehicle 1 while the VIN plate of Subject Vehicle 2 was a reproduction. *A true and correct copy of KAYSER's expert report is attached hereto as Exhibit B and incorporated herein.*

16. By way of example, KAYSER found that the Plaintiff's VIN tag was made of the standard steel while the Defendant's VIN tag is a aluminum reproduction with distinct, nonstandard variations in the letters C, H, E, V, R, and O. *See Ex B, p 6-7.*

17. KAYSER also inspected a photograph of the frame number found on Subject Vehicle 1 and determined that it is authentic. *See Ex. B, p 8-10.*

COMPLAINT

- 3 -

## COUNT I - DECLARATORY JUDGMENT

18. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

19. Upon information and belief, \the Defendant never obtained and/or inspected Subject Vehicle 2's VIN to determine its authenticity.

20. Subject Vehicle 2 bears a counterfeit VIN, resulting in, among other things, substantial damages to Plaintiff's ownership, title, value and enjoyment of Subject Vehicle 1.

21. Subject Vehicle 2 bears a counterfeit VIN that prevents the Plaintiff from obtaining good, clear and marketable title for Subject Vehicle 1.

22. Plaintiff seeks the Court's determination that Subject Vehicle 1 possesses an authentic VIN plate and is the original vehicle to possess the VIN of 20867S111261.

**WHEREFORE**, Plaintiff, DALE WILKINSON, respectfully requests this Court to enter a Declaratory Judgment against, Defendants, declaring Plaintiff's Subject Vehicle 1 is the true, correct and original bearer of the Vehicle Identification Number 20867S111261, and to award Plaintiff costs in successfully bringing this action, together with any other relief this Court deems just and proper.

## COUNT II – SLANDER/DISPARAGEMENT OF TITLE

23. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

24. In November 2022, Plaintiff contacted the Defendant and presented proof that his vehicle possessed the original VIN.

25. In April of 2023, despite the aforementioned knowledge, the Defendants titled their vehicle in Montgomery County, Texas anyway.

26. Upon information and belief, Defendants made false statements to 3rd parties, including to the Department of Motor Vehicles of Texas, asserting Subject Vehicle 2 was the sole authentic motor vehicle with the VIN 20867S111261.

27. The alleged aforementioned statements made by the Defendants are demonstrably untrue and false, which is supported by the expert inspection report attached hereto as Exhibit B.

28. Upon information and belief, Defendants knew or reasonably should have known that the false statements they made to the aforementioned 3rd parties would, among other things, prevent Plaintiff from obtaining marketable title to Subject Vehicle 1.

29. As a result of Defendants' false statements, Plaintiff suffered substantial damages, including special damages, actual damages, attorneys' fees and costs.

30. As a result of Defendants' false statements, Plaintiff's vehicle is significantly devalued.

31. Defendants' false statements were the cause and proximate cause of Plaintiff's damages.

32. Plaintiff is entitled to recover his damages from the Defendants as a result of their slander/disparagement of the Plaintiff's Subject Vehicle 1's title.

**WHEREFORE**, Plaintiff, DALE WILKINSON, respectfully requests this Court to enter Judgment against Defendants, for damages in excess of seventy-five thousand dollars ($75,000.00), plus prejudgment interest, attorneys' fees and costs, and any other relief this Court deems just and proper.

Dated: July 9, 2024

                Respectfully submitted,

                **LAW OFFICES OF BRUCE SHAW, P.C.**

                BY: */s/ Stephen Gehringer, Esq.*
                    STEPHEN GEHRINGER, ESQ.
                    PA Bar No.: 87020
                    2735 Terwood Road
                    Willow Grove, PA 19090
                    Tel: 267-374-4290
                    Fax: 215-657-6816
                    E-mail: sgehringer@shawlaws.com

                *Attorney for Plaintiff*

**VERIFICATION**

DALE WILKINSON hereby states that he is the PLAINTIFF in this action and that the statements of fact made in the foregoing COMPLAINT are true and correct to the best of his information and belief.

Date: 7/17/2024.

*[signature]* DALE WILKINSON