# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| DALE WILKERSON, | § | |
| | § | |
| Plaintiff, | § | Civ. Action No. 4:24-cv-02685 |
| | § | |
| vs. | § | |
| | § | |
| HOWARD ANDREWS and | § | |
| LISA DIEHL GREGORY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Howard Andrews and Lisa Diehl Gregory[1] ("Defendants"), files their Answer to Plaintiff's Amended Complaint for Damages and Declaratory Judgment (the "Complaint") [Doc. 1] as follows:

1. Paragraph 1 requires no response.

2. Defendants admit Paragraph 2

3. Defendants admit Paragraph 3

4. Defendants lack sufficient information to admit or deny Paragraph 4.

5. Defendants lack sufficient information to admit or deny the factual averments in Paragraph 5.

---

[1] Ms. Gregory was incorrectly identified as Lisa Diehi Gregory in Plaintiffs Complaint and Amended Complaint.

6. Defendants admit Paragraph 6.

7. Defendants lack sufficient information to admit or deny the factual averments in Paragraph "3".[2]

8. Defendants admit Paragraph "4".

9. Paragraph "5" requires no response.

10. Defendants lack sufficient information to admit or deny the factual averments in Paragraph "6".

11. Defendants deny that a fair valuation of Plaintiff's vehicle is $110,000. Defendants lack sufficient information to admit or deny the other averments in Paragraph 7

12. Defendants lack sufficient information to admit or deny the factual averments in Paragraph 8.

13. Defendants lack sufficient information to admit or deny the factual averments in Paragraph 9.

14. Defendants lack sufficient information to admit or deny the factual averments in Paragraph 10.

15. Defendants admit Paragraph 11.

16. Defendants purchased their vehicle through Mecum Auctions in Dallas, Texas. At that

---

[2] The line numbering in the Amended Complaint restarts at "3" after line 6. Duplicatively-numbered paragraphs are identified by putting the numerical designation in quotes.

time, Mecum provided the needed title assignment transfer paperwork from Florida auto dealers and a valid executed title from the State of North Carolina. Defendants surrendered the Florida dealer title transfer paperwork and the valid North Carolina executed title to the State of Texas during their registration process. To this extent, only, Defendants admit Paragraph 12.

17. Defendants registered their vehicle in Texas with the typical title transfer documents, encountered no registration objections from the State of Texas, and were issued a valid Texas title for their vehicle. If any other titles to Defendant's vehicle have been cancelled, Defendants have had no involvement or knowledge of such, and to the extent Paragraph 13 refers to any such cancellation, Defendants can neither admit nor deny Paragraph 13.

18. Defendants lack sufficient information to admit or deny the factual averments in Paragraph 14.

19. Defendants deny that their vehicle bears a reproduction VIN plate. Plaintiffs lack sufficient information to admit or deny the remainder of Paragraph 15.

20. Defendants deny any implication in Paragraph 16 that their vehicle bears a reproduction VIN tag. Defendants lack sufficient information to admit or deny the remainder of Paragraph 16.

21. Defendants lack sufficient information to admit or deny Paragraph 17.

22. Defendants deny that the value of Plaintiff's vehicle is $110,000 and that its current value could conceivably suffer a reduction of $95,000. Defendants lack information to admit or deny other factual averments in Paragraph 18.

23. Paragraph 19 requires no response.

24. Defendants deny Paragraph 20.

25. Defendants deny Paragraph 21.

26. Defendants deny Paragraph 22.

27. Paragraph 23 does not require a response.

28. Paragraph 24 does not require a response.

29. Defendants admit that Plaintiff contacted them in late 2022, otherwise Defendants deny Paragraph 25.

30. Defendants admit that they obtained a Texas registration for their vehicle in Montgomery County, Texas in April 2023. Defendants deny the rest of Paragraph 26.

31. Defendants deny Paragraph 27.

32. Defendants deny Paragraph 28.

33. Defendants deny Paragraph 29.

34. Defendants deny Paragraph 30.

35. Defendants deny Paragraph 31.

36. Defendants deny that they placed a cloud on the title of Plaintiff's vehicle or that they caused a buyer to back out of a transaction. Defendants lack sufficient information to admit or

deny the remainder of Paragraph 32.

37. Defendants deny Paragraph 33.

38. Defendants deny Paragraph 34.

## CONCLUSION AND PRAYER

Defendants request that Plaintiffs take nothing by way of the Complaint, and that this Court grant Defendants its fees, costs, and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendants may be justly entitled.

Respectfully submitted,

/s/ T. Ernest Freeman
T. Ernest Freeman
**ATTORNEY IN CHARGE**
SBN: 07431600
Fed ID: 15382
ernest@thefreemanlawfirm
THE FREEMAN LAW FIRM, P.C.
1770 St. James Place, Suite 120
Houston, Texas 77056
(713) 973-1000
(713) 973-1004 Fax
ATTORNEYS FOR DEFENDANTS
HOWARD ANDREWS AND
LISA DIEHL GREGORY

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, November 8, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing counsel(s) of record.

/s/ T. Ernest Freeman
T. Ernest Freeman