# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DALE WILKINSON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | Civ. Action No. 4:24-cv-02685 |
| | § | |
| HOWARD ANDREWS and | § | |
| LISA DIEHL GREGORY | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendants Howard Andrews and Lisa Diehl Gregory ("**Defendants**") hereby move for an

Order granting leave to file their First Amended Answer as follows:

## FACTUAL BACKGROUND

1.      The instant case is predicated upon a single claim brought by Dale Wilkinson ("**Plaintiff**")

concerning two 1962 Chevrolet Corvettes, both bearing the same Vehicle Identification Number (VIN).

Plaintiff has asserted the claim that Defendants' 1962 Chevrolet Corvette "bears a counterfeit VIN" causing

damage to Plaintiff's Vehicle, and seeks a declaration the Plaintiff's vehicle possesses an authentic original

VIN.  Plaintiff's alleges his Florida located Corvette, cannot be registered because of the existence of the

Defendants' Texas title. [1]

2.      In connection with the ongoing discovery, Defendants took the deposition of the Plaintiff

on February 11, 2026. [2]  As the transcript shows, Plaintiff testified, for the first time, that he rejected an

---

[1]      Through Discovery Defendants have ascertained that Plaintiff purchased by his Corvette in 2006 for less than $18,000 (Wilkinson depo p. 17:16-18), compared to the one purchased by Defendants at a Mecum auction for over $115,000 in 2022.

[2]      Defendants received on March 10, 2026

offer of at least $86,000, where prospective buyer agreed to be responsible to resolve any issues that may exist as to the two competing VIN numbers, the for the purchase of his car. (*Wilkinson depo p. 64:15-66:18, p. 98:1-10*.). *See Exhibit "B."* Plaintiff's refusal to accept this offer would have relieved him of the duplicate VIN numbers issue, paid him significantly more than his original purchase price, and compensated him for any alleged damages he purports to have sustained. Plaintiff's refusal to accept this offer for the purchase of his car supports an affirmative defense of failure to mitigate his damages. *See Cook Composites, Inc v Westlake Styrene Corporation*, 15 S.W.3d 124, 135 (Tex. App.—Houston [14th Dist. 2000, no pet.).

3.      Additionally, Plaintiff testified for the first time in his deposition that he has been dealing with the claimed issues in his Complaint since 2010 (*Wilkinson depo p. 98:15-16*). Plaintiff had knowledge of issues with the title of his vehicle in 2010, and did nothing to try to even obtain tile or cure the mater prior to Defendants purchase of their Vehicle in 2022. If Plaintiff had acted earlier, this matter may have been resolved prior to any auction at Mecom, and there would be no lawsuit at all. Plaintiff does not have any valid excuse for his delay. Plaintiff waited at least thirteen (13) years to file this lawsuit against the Defendants on in until , The Plaintiff's delay in asserting his claims support an affirmative defense of laches. *See Uptown Grill, LLC v Shwartz*, 817 F.3d 251, 256 (5th Cir. 2016)

4.      Furthermore, Plaintiff testified for the first time in his deposition that stating that no records exist which would support valid title to Plaintiff's vehicle or even the existence of Plaintiff's vehicle prior to 2000. *(Wilkinson depo pp. 23:19-23; 29:15-18; 32:1-25*.) Plaintiff also testified at deposition that his car's ownership was not as he had previously described, and that the vehicle had been unregistered and untitled for almost half a century (*Wilkinson depo pp. 16:15-23; 54:13-56:16*). As he testified and documents further show, Plaintiff improperly failed to title his car. All of this supports an affirmative defense of unclean hands. *See In re Okedokun*, 593 B.R. 469, 551 (S.D. Tex. Bankr.2018)

5.      Therefore, Defendants seek and Order granting leave to file the attached proposed First Amended Answer. Defendants proposed First Amended Answer adds paragraphs 39 to 41 to assert the affirmative defenses of failure to mitigate damages, the equitable doctrines of laches and uncle."

6.      The Court's Scheduling Order [*Docket # 20*] set a deadline of November 11, 2024 for Amendment of Pleadings. Trial of this matter is set for June 8, 2026 [*Docket # 39*].

7.      Plaintiff has been fully aware of the facts behind Defendants requested affirmative defenses, as they were fully within the purview and control of the Plaintiff, and the Defendants' lack of knowledge is based upon the Plaintiffs failure to disclose the full facts supporting the defenses at an earlier date or time.  Plaintiff cannot justifiably complain that the Defendants amended pleading will constitute a surprised when the facts and circumstances were always within Plaintiff's knowledge.

## ARGUMENT & AUTHORITIES

8.      **Good Cause Exists under Rule 16(b)(4).**  Defendants have been diligent in prosecuting this unusual case. The new facts supporting this minor amendment was not available until the deposition of Plaintiff on February 11, 2026, which transcript was produced just this week. Defendant is moving for leave promptly, only days after receiving this information. The proposed First Amended Answer asserts viable affirmative defenses to plaintiff's claims that Defendants only became aware of with the deposition of the Plaintiff.  *See Mailing and Shipping Systems, Inc. v Neopost UISA, Inc.*, 292 F.R.D. 369, 373 (W.D. Tex. 2013) .

9.      **Leave Should be Freely Given under Rule 15(a) and 16(b).** Rule 15(a)(2) provides, in pertinent part, "The court should freely give leave when justice so requires."  This amendment is sought in good faith and is not futile, as the Plaintiff's own testimony clearly raises issues of mitigation and equity. Rule 16(b) provides that good cause requires a showing that the deadline could not reasonably have been met. In this case, the information first came to fruition when the4 Plaintiff's deposition was taken. Defendants have shown good cause to be able to amend the scheduling order and this to amend their defensive pleading. *See S&W Enterprises, LLC v SouthTrust Bank of Alabama, NA.*, 315 F.3d 533, 535-36. (5th Cir. 2003).

10.      **No Prejudice.** The proposed amendment does not add any new claims to the case, but merely states affirmative defenses substantiated by Plaintiff's own testimony.

11.      Even if an affirmative defense was not pleaded at all even before trial, it could still be

asserted by a defendant.  "[I]t is left up to the discretion of the trial court to determine whether the party against whom the unpled affirmative defense has been raised has suffered prejudice or unfair surprise." *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 633 (5th Cir. 2013 (appellant "could not have suffered prejudice or unfair surprise" by a section of its own short contract).

12.     Similarly, in the present case the proposed amendment cannot be considered a surprise, because Plaintiff's own words raised the mitigation and equitable issues, and the knowledge of those facts were within the Plaintiffs own control.

13.     Furthermore, although discovery on this issue is unnecessary for Plaintiff, he may freely conduct discovery regarding his own conduct because discovery continues in this case by agreement of the parties.  In fact, Plaintiff has not yet taken either Defendants' deposition, but has indicated an intention to do so. Thus, Plaintiff will have ample opportunity to collect evidence on these issues prior to the trial date of June 8, and he will not be unfairly prejudiced by this minor amendment.

14.     Defendants request that the Court grant this motion and allow them to file their First Amended Answer.  *See Exhibit "A."*

**PRAYER**

Based on the foregoing, and good cause to amend with no prejudice to Plaintiff, Defendants respectfully request that the Court grant this Motion granting leave to file the attached First Amended Answer, and grant Defendants all other relief to which they may be entitled, at law or in equity.

Respectfully submitted,

*/s/ T. Ernest Freeman*
T. Ernest Freeman
**ATTORNEY IN CHARGE**
SBN: 07431600
Fed ID: 15382
ernest@thefreemanlawfirm.com
1770 St. James Place, Suite 120
Houston, Texas 77056
(713) 973-1000
(713) 973-1004 Fax

**Of Counsel:**

THE FREEMAN LAW FIRM, P.C.
J. Robert MacNaughton
SBN: 00789944
Fed ID: 18350
robert@thefremanlawfirm.com
1770 St. James Place, Suite 120
Houston, Texas 77056
(713) 973-1000
(713) 973-1004 Fax

**ATTORNEYS FOR DEFENDANTS,
HOWARD ANDREWS AND
LISA DIEHL GREGORY**

## CERTIFICATE OF CONFERENCE

I certify that on March 12, 2026 my co-counsel notified Stephen Gehringer, counsel for Plaintiff Dale Wilkerson, by telephone of Plaintiffs' intent to file this Motion for Leave to File First Amended Answer. Mr. Gehringer responded that Plaintiff would oppose these motions.

/s/ *T. Ernest Freeman*
T. Ernest Freeman

## CERTIFICATE OF SERVICE

I hereby certify that on  I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing counsel(s) of record.

/s/ *T. Ernest Freeman*
T. Ernest Freeman

## <u>DECLARATION OF EARNEST FREEMAN IN SUPPORT OF</u>
## <u>MOTION TO AMEND ANSWER</u>

STATE OF TEXAS                    §
                                  §
COUNTY OF HARRIS                  §

Under 28 U.S.C. § 1746, the declarant, T. Ernest Freeman, herby makes the following unsworn declaration, which is based on his personal knowledge.

My name is T. Ernest Freeman. My date of birth is September 9, 1964, and my business address is 1770 Saint James Place, Suite 120, Houston, Texas 77056. I am the Attorney of Record for the defendants, Howard Andrews and Lisa Gregory ("**Defendants**"), in Cause No. 4:24-cv-02685; *Dale Wilkinson v Howard Andress and Lisa Gregory*, in the Southern District of Texas ("**Lawsuit**"), and I have personal knowledge of the facts stated herein based upon that representation.

Attached hereto as **Exhibit A** is Defendants' proposed First Amended Answer, which is substantially identical to Defendants' original Answer, but now adds the proposed affirmative defenses in paragraphs 39 through 41 for: (a) a failure to mitigate damages based on a refusal to accept a bone fide offer; (b) the equitable doctrines of laches for unreasonable delay since 2010; and (c) unclean hands for acts of the Plaintiff in furtherance of an unlawful vehicle sale, title, and registration."

On March 9, 2026, my office received the deposition transcript for Plaintiff Dale Wilkinson. Attached hereto as **Exhibit B** is a true and correct copy of relevant excerpts from that transcript.

On March 12, 2026, I asked my co-counsel Gary Deserio, who has been in frequent communication with Plaintiff's counsel Stephen Gehringer, to meet and confer with Mr. Gehringer, on my behalf, about any opposition to this motion. Mr. Deserio reports that during their telephone conference, Mr. Gehringer indicated that the Plaintiff opposes this motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, Texas, on March 13, 2026.


/s/ T. Ernest Freeman
T. Ernest Freeman