**IN THE UNITED STATES FEDERAL COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DALE WILKINSON, | CASE NO. 4:24-cv-02685 |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER** |
| vs. | |
| HOWARD ANDREWS and | |
| LISA DIEHI GREGORY | |
| Defendants | |

Plaintiff Dale Wilkinson files this Response in Opposition to Defendants' Motion for Leave to File First Amended Answer and respectfully requests that the Court deny the motion because Defendants missed the pleading-amendment deadline by approximately sixteen months and cannot satisfy Federal Rule of Civil Procedure 16(b)(4).

**I. Introduction**

Defendants ask the Court to reopen a pleading deadline that expired on November 11, 2024[1] so they can add three new affirmative defenses-failure to mitigate, laches, and unclean hands-on March 13, 2026, after the pleading deadline, after discovery and dispositive-motion deadlines, and on the eve of pretrial proceedings. Their motion should be denied.

Once the scheduling-order deadline expired, Defendants had to satisfy Rule 16(b)(4) before Rule 15(a) came into play. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). They have not done so. The motion does not show diligence, does not establish the

---

[1] The initial scheduling Order (Dkt 20) dated November 1, 2024, set a deadline of November 30, 2024 for amending pleadings. Every agreed scheduling order thereafter (Dkt 29, 32, 36) revised this deadline to November 11, 2024.

importance of the proposed amendment, and understates the prejudice that would result from injecting new equitable defenses at this stage.

## II. Relevant Background

Defendants filed their original answer on November 8, 2024. The Court's Scheduling Order set November 11, 2024 as the deadline to amend pleadings and add parties and provided that no continuance would be granted because of information acquired in post-deadline discovery. Trial is currently set for June 9, 2026. Defendants nevertheless waited until March 13, 2026 to seek leave to file an amended answer.

The motion for leave alleges the proposed amendment is based on Plaintiff's February 11, 2026 deposition testimony. The proposed amended answer seeks to add three affirmative defenses: failure to mitigate, laches, and unclean hands. However, the core facts on which Defendants now rely were either already pleaded or readily discoverable long before February 2026. Plaintiff's Amended Complaint, filed on October 28, 2024, alleged that he discovered the duplicate-VIN issue when he attempted to register the Corvette after moving to Florida in 2022, that he contacted Defendants in November 2022 and presented proof that his vehicle possessed the original VIN, and that-before suit-he attempted to sell the vehicle to John Blumberg for $110,000, after which Blumberg counteroffered $86,000 and then withdrew because of the cloud on title allegedly caused by Defendants' conduct. Those allegations put Defendants on notice, from the pleadings themselves, of the timing of Plaintiff's knowledge and the failed sale they now characterize as newly discovered.

## III. Governing Standard

Because the deadline to amend pleadings passed, Rule 16(b)(4) governs first. A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The

Fifth Circuit has repeatedly held that when a party seeks leave after a scheduling-order deadline, the movant must first show good cause under Rule 16; only then does Rule 15(a) apply. *S&W Enters*., 315 F.3d at 535-36; *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Fahim v. Marriott Hotel Servs., Inc*., 551 F.3d 344, 348 (5th Cir. 2008).

The Rule 16 "good cause" inquiry turns on four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Sw. Bell*, 346 F.3d at 546. Southern District of Texas courts apply that framework strictly. See, e.g*., Castle Energy Grp., LLC v. Universal Ensco, Inc*., No. 4:23-cv-04314, slip op. at 3-5 (S.D. Tex. Dec. 13, 2024) (denying leave to amend answer to add affirmative defenses after deadline where diligence and importance were not shown).

## IV. Argument

### A. Defendants have not shown diligence or a satisfactory explanation for missing the amendment deadline.

The first factor weighs decisively against amendment. Defendants do not dispute that the amendment deadline expired on November 11, 2024, yet they waited until March 13, 2026 to seek leave. That is not a modest delay; it is roughly sixteen months.

The Defendants' only explanation is that Plaintiff's February 11, 2026 deposition supposedly revealed facts supporting the new defenses. That showing is inadequate. The supposed new material concerns Plaintiff's own timeline, his handling of the vehicle, and an alleged purchase offer. All subjects Defendants could have explored through earlier interrogatories, earlier requests for

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

production, requests for admission, or an earlier deposition.[2] Rule 16 asks whether the deadline could not reasonably have been met despite diligence. Defendants' motion does not make that showing. See *S&W Enters.*, 315 F.3d at 535-36.

Nor can Defendants credibly claim surprise about the failed sale or Plaintiff's knowledge of the VIN dispute. Those facts were already disclosed in the Amended Complaint months before the amendment deadline. Defendants' decision to wait until February 2026 to depose Plaintiff on issues now said to be central to three affirmative defenses is the opposite of diligence.

**B. The proposed amendment is not important because the proposed defenses are weak, conclusory, and at least partly futile.**

The second factor also weighs against amendment. The mitigation theory is that Plaintiff should have sold the car to a buyer who allegedly offered at least $86,000.00 while agreeing to assume the duplicate VIN problem. At most, that is a narrow damages argument based on a single failed transaction and does not make mitigation an important or necessary late-added affirmative defense. At most, it is a damages argument based on a single failed sale scenario. The fact that an issue may bear on damages does not automatically justify a belated amendment to add a formal affirmative defense, especially where the same evidence can be explored without rewriting the pleadings at the eleventh hour. *Andrews v. Rosewood Hotels & Resorts, LLC*, No. 3:19-cv-01374-L, slip op. at 4–7 (N.D. Tex. Oct. 8, 2021) (denying late amendment to add failure-to-mitigate and other defenses where amendment would disrupt discovery and trial preparation).

---

[2] This case was initiated on July 18, 2024 and Defendants filed their answer to the Amended Complaint on November 8, 2024 (Dkt 22). Defendants did not serve interrogatories or requests for documents upon Plaintiff until December 2, 2025.

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

Laches is a weak and unimportant proposed defense, and the February 2026 deposition does not change that. To establish laches, Defendants must show more than mere passage of time; they must show an unreasonable delay in asserting the claim and prejudice resulting from that delay. *Uptown Grill, L.L.C. v. Shwartz*, 817 F.3d 251, 256 (5th Cir. 2016). Defendants cannot make that showing. The Amended Complaint alleges that Plaintiff discovered the duplicate-VIN problem involving the Defendant only when he attempted to register his vehicle in Florida in 2022. The Plaintiff then contacted Defendants in November 2022 and presented proof that his vehicle bore the original VIN, yet Defendants titled their vehicle in Texas in April 2023 anyway. On the face of the pleadings, then, the operative delay for purposes of this dispute is not some unexplained thirteen-year sleep on rights, but the period after Plaintiff discovered the Defendants' vehicle and the cloud on his title in 2022.

The alleged Blumberg sale discrepancy does not rescue laches. The Amended Complaint already alleged before the amendment deadline that Plaintiff lost a specific sale because, after learning of the VIN dispute, Blumberg first reduced his offer to $86,000 and then walked away entirely. Defendants now point to deposition testimony suggesting that, after the reduced offer, Plaintiff himself declined to sell because he believed he could not ethically pass along a tainted title problem. But that inconsistency bears, at most, on damages or mitigation; it does not show that Defendants suffered prejudice because Plaintiff delayed filing suit. Whether Blumberg walked away or Plaintiff refused the reduced offer, the failed sale is not the kind of reliance-based or evidentiary prejudice required for laches.

Indeed, Defendants' motion confirms that their laches theory still rests on the same bare premise: Plaintiff had "knowledge of issues" since 2010 and therefore waited too long. That is not

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

enough. The motion identifies no witness lost because of delay, no evidence destroyed because suit was not filed earlier, and no detrimental change in Defendants' position caused by Plaintiff's delay in asserting this lawsuit. The Defendants' purchase of Subject Vehicle 2 in 2022 is not prejudice caused by delayed filing; it is simply the underlying event giving rise to the dispute.

The deposition testimony therefore does not strengthen the proposed laches defense. If anything, it highlights why the proposed amendment is not important: the supposed "new" facts either were already on the face of the Amended Complaint before the November 11, 2024 pleading deadline or go only to a disputed damages narrative, not to the elements of laches. And because the Scheduling Order expressly barred amendments after November 11, 2024 absent good cause, and further warned that no continuance would be granted based on information learned in post-deadline discovery, Defendants cannot convert a late-breaking factual dispute about a failed sale into a viable equitable bar.

The unclean-hands theory is likewise conclusory. Unclean hands is an equitable doctrine confined to misconduct directly related to the matter in litigation; it does not apply to collateral or generalized accusations of wrongdoing. See *Davis v. Grammer*, 750 S.W.2d 766, 768 (Tex. 1988). Here, Defendants' proposed answer alleges only "unclean hands for unlawful vehicle sale, title and registration," with no particularized facts showing inequitable conduct by Plaintiff that directly bars the specific relief sought. That is not a meaningful pleading of an important defense. It is a conclusory label.

Because Defendants have not shown the proposed defenses are substantial or necessary, the "importance" factor cuts against amendment. See *Castle Energy, supra* (finding that a movant's bare assertion that it wished to "advance[] meritorious defenses" did not establish importance).

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

- 6 -

### C. Allowing the amendment now would prejudice Plaintiff.

The third factor favors denial. Trial is set for June 8, 2026. Defendants' proposed amendment would insert new equitable and damages defenses at the tail end of the case. To wit, by March 2026, the deadlines for expert designations, discovery, dispositive motions, and the joint pretrial order had all either passed or were immediately at hand. Allowing Defendants to inject new equitable and mitigation defenses at that point would force Plaintiff to address new theories on causation, equity, delay, title history, alleged alternative sale options, and claimed prejudice from pre-suit conduct. Defendants cannot fairly add those issues now and then insist there is no prejudice.

This is exactly the kind of prejudice the Fifth Circuit and this District take seriously: the late addition of new theories that require additional factual development and alter the shape of the case after the pleadings deadline. See *Fahim*, 551 F.3d at 348; *Castle Energy Grp., LLC*, slip op. at 3–5. That is real prejudice. The issue is not whether Plaintiff knows his own history. The issue is whether he should now be required to litigate newly pleaded defenses after the Court's deadline has long passed and after the Scheduling Order expressly disclaims any continuance based on information obtained in post-deadline discovery. He should not. See *Id*; see also *Castle Energy Grp., LLC*, slip op. at 4-5.

### D. Defendants' reliance on Rule 15 and *Levy Gardens* does not salvage their motion.

Defendants cite Rule 15(a) and *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Insurance Co.*, 706 F.3d 622, 633 (5th Cir. 2013), for the proposition that some unpleaded affirmative defenses may, in certain circumstances, be considered absent unfair surprise. But that does not eliminate their threshold Rule 16 burden. After the scheduling-order deadline passes, Rule 16 comes first. *S&W Enters.*, 315 F.3d at 535-36; *Fahim*, 551 F.3d at 348.

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

Nor does *Levy Gardens* help with these facts. Defendants are not attempting to clarify an issue embedded in Plaintiff's own contract language, as in Levy Gardens. They seek formal amendment sixteen months after the deadline to add entirely new defenses that would alter the shape of the case. That is precisely the setting in which the Court should enforce Rule 16 and deny leave.

## V. Conclusion

Defendants cannot show Rule 16 diligence because the supposed "new" facts were either already pleaded before the November 11, 2024 amendment deadline or could have been explored long before Plaintiff's February 11, 2026 deposition. The Amended Complaint, filed October 28, 2024, already alleged that Plaintiff discovered the duplicate-VIN problem in 2022, notified Defendants in November 2022, and that Defendants nevertheless titled their vehicle in April 2023. It also already alleged the entire Blumberg sale sequence: a $110,000 offer, disclosure of the VIN dispute, a reduced $86,000 counteroffer, and the failed sale. Defendants' only "new" point from the deposition is that Plaintiff, rather than Blumberg, ultimately refused to proceed after the reduced offer because he would not "pass that problem on to somebody else" and believed the car had a "tainted title history." But that inconsistency merely sharpens a factual dispute embedded in the same failed sale already pleaded in October 2024; it does not show that the defense could not reasonably have been raised before the deadline through ordinary discovery. Furthermore, the Scheduling Order not only set November 11, 2024 as the amendment deadline, but also warned that "[n]o continuance will be granted because of information acquired in post-deadline discovery," making Defendants' reliance on a February 2026 deposition especially inconsistent with any claim of diligence.

Defendants missed the amendment deadline by roughly sixteen months. They have not shown diligence, they have not demonstrated that the proposed defenses are important, and they understate

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

the real prejudice their amendment would inflict on Plaintiff and the Court's schedule. The motion should be denied.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to File First Amended Answer and grant Plaintiff all other relief to which he is justly entitled.

Dated: March 18, 2026

Respectfully submitted,

**LAW OFFICES OF BRUCE SHAW, P.C.**

BY: */s/ Stephen Gehringer, Esq.*
STEPHEN GEHRINGER, ESQ.
PA Bar No. 87020
2735 Terwood Road
Willow Grove, PA 19090
Tel: 267-374-4290
Fax: 215-657-6816
E-mail:  sgehringer@shawlaws.com

*Attorney for Plaintiff*

RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

**CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, March 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing counsel(s) of record.

*/s/ Stephen Gehringer, Esq.*
STEPHEN GEHRINGER, ESQ.