IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE WILKINSON, | § | |
|         Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 4:24-cv-02685 |
| | § | |
| HOWARD ANDREWS and | § | |
| LISA DIEHL GREGORY | § | |
|         Defendants | § | |

## AGREED FINAL JUDGMENT

On this day, the Court considered the Joint Stipulation and Motion for Entry of Agreed Final Judgment. The Court, having been advised that Dale Wilkinson ("**Plaintiff**") and Howard Andrews and Lisa Diehl Gregory (together "**Defendants**") (collectively, the "**Parties**") have reached a full and final settlement of all claims and matters in controversy, finds that the Motion should be Granted and this Judgment should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1.    Relinquishment of Interest: Plaintiff hereby relinquishes (including all times in the past and from now into the future), all claim, right, title, and interest in and to that certain designated Vehicle Identification Number ("**VIN**"), VIN 20867S111261, that has been the subject of this litigation regarding Plaintiff's 1962 Chevrolet Corvette ("**Subject Vehicle 1**") and the Defendants' 1962 Chevrolet Corvette ("**Subject Vehicle 2**").

2.    Settlement Agreement: The parties have entered into a Settlement Agreement encompassing terms, conditions, duties and responsibilities of each of the Parties. The Settlement Agreement is incorporated by reference herein and attached hereto as Exhibit "A". Plaintiff agrees to withdraw his claims that his vehicle is entitled to VIN 20867S111261 with prejudice. In that regard, all Duntov, NCRS, and Bloomington awards, plaques and photos of said awards and plaques originally awarded to Subject Vehicle 2 in the Plaintiff's possession shall be provided to

1

Defendants as part of this Judgment within sixty (60) days of the entry of this Judgment, to be delivered to the undersigned counsel of record for Defendants.

3.      Written Retractions: By this Agreed Final Judgment and pursuant to the terms of the Settlement Agreement, on or before the expiration of thirty (30) days from date of entry of this Agreed Final Judgment, Plaintiff, himself or through counsel, shall issue separate statements in the language set forth in the Settlement Agreement and Mutual Release  Exhibit "A." to (a) the Houston Chronicle; and (b) Chevrolet Corvette Forum (https://www.corvetteforum.com).

4.      New Title and VIN Tag/Stamp: Within thirty (30) days after entry of this Judgment, Plaintiff shall make application to the Florida Department of Highway Safety and Motor Vehicles (FLHSMV) for a new title for Subject Vehicle 1 and for issuance of an alternate or state-assigned VIN for Subject Vehicle 1. Plaintiff's obligation under this Paragraph is limited to timely submitting such application and reasonably cooperating with the FLHSMV's requirements and procedures. Because the timing of any inspection, review, approval, issuance, or other action on such application is controlled by the FLHSMV and is outside Plaintiff's control, Plaintiff does not warrant or represent that a new title or alternate VIN will be issued within any particular period. Plaintiff shall provide written evidence to undersigned counsel that the application has been made within said thirty (30) day period and shall thereafter provide written evidence of the new title and alternate VIN within ten (10) days of receipt.

5.      Relinquishment: Plaintiff shall relinquish his current title and submit the current VIN tag to the Florida Department of Highway Safety and Motor Vehicles (FLHSMV) as soon as the FLHSMV accepts and processes same, and in accordance with the FLHSMV's procedures and timing requirements. Plaintiff shall allow the FLHSMV to conceal the VIN frame stamp in accordance with its procedures. The Plaintiff shall act diligently and in good faith to accomplish such relinquishment following entry of this Judgment and shall provide Defendants with

documentary proof of the relinquishment of title and the concealment, surrender and/or destruction of the frame's VIN stamp and steering column VIN tag promptly upon Plaintiff's receipt of such documentation.

6. Title Reinstatement Cooperation: Plaintiff shall cooperate with and assist, as may be reasonably necessary to effectuate the spirit and letter of the Settlement Agreement and Release and the Agreed Final Judgment, including the execution and presentment of any required documents or notices in the reinstatement of Defendants' title in the states of Florida, Texas, North Carolina, and Arkansas, to also include the retroactive cancellation of the Plaintiff's Subject Vehicle 1's issued titles and registration in the Commonwealth of Massachusetts.

7. Duty of Cooperation: The Parties shall cooperate and execute such documents as may be reasonably necessary to effectuate the spirit and letter of the Settlement Agreement and Release and this Judgment. The Plaintiff shall specifically assist Defendants in obtaining clear title(s) for Defendants' Subject Vehicle 2 and ensure that all statements (as described in Section 3, above) are made.

8. No Disparagement: As defined by the Settlement Agreement, the Parties shall not make, publish, or communicate any knowingly false statement concerning one another, Subject Vehicle 1, or Subject Vehicle 2.

9. Costs and Expenses: Plaintiff shall pay the sum of $5,220.75 to Defendants, through their counsel, The Freeman Law Firm, P.C., representing costs and expenses incurred in the defense of this case on or before the expiration of sixty (60) days from date of entry of this Judgment.

10. Florida Department of Highway Safety and Motor Vehicles. Based upon the Parties' agreement, the Court finds that Plaintiff has fully and forever relinquished any and all claim, right, title, or interest in and to VIN 20867S111261, and shall not hereafter assert any right to use, register, title, transfer, market, or represent Subject Vehicle 1 as bearing VIN 20867S111261. The Court further finds that Plaintiff

3

remains the lawful owner and possessor of Subject Vehicle 1 itself, separate and apart from any claim to VIN 20867S111261, and that the remaining issue concerning Subject Vehicle 1 is the lawful reassignment of identifying information sufficient to permit Subject Vehicle 1 to be titled, registered, and identified in accordance with applicable law.

The Court therefore expressly directs and requests that the Florida Department of Highway Safety and Motor Vehicles, including its divisions, bureaus, regional offices, local offices, compliance examiners, and other personnel acting under its authority, recognize this Judgment as establishing that Plaintiff has no claim to VIN 20867S111261 and that Subject Vehicle 1 requires alternate lawful identification. Upon presentment of this Judgment, and upon Plaintiff's compliance with any reasonable inspection, documentary, or administrative requirements imposed by Florida law, the appropriate Florida authorities are directed and requested to process Subject Vehicle 1 for issuance of a replacement or state-assigned vehicle identification number and corresponding certificate of title, and to do so in a manner that preserves Plaintiff's possession of Subject Vehicle 1 and avoids seizure, confiscation, or forfeiture of the vehicle itself.

11.    The Court therefore expressly directs and requests that the Department of Motor Vehicle licensing, titling and registration for the following state entities: Texas Department of Motor Vehicles (TXDMV); the North Carolina Division of Motor Vehicles (NCDMV) Title & Registration; the Florida Department of Highway Safety and Motor Vehicles (FLHSMV); the Arkansas Department of Finance and Administration; and the Commonwealth of Massachusetts Registry of Motor Vehicles, and their divisions, bureaus, regional offices, local offices, compliance examiners, and other personnel acting under their respective authority, recognize this Agreed Final Judgment as establishing that Defendants and Subject Vehicle 2 have all claims, rights, title, and interest in and to that certain designated Vehicle Identification Number ("**VIN**"), VIN 20867S111261, that has been the subject of this litigation, and allow for the retroactive or current reinstatement, correction, and issuance of title and registration in accordance with respective State

4

laws and regulations using VIN 20867S111261.

12.    Dismissal of Claims: All claims and causes of action asserted or which could have been asserted by Plaintiff against Defendants in this action are hereby DISMISSED WITH PREJUDICE, each party to bear its own costs and attorney's fees except for those costs provided for in Section 9, above.

13.    Jurisdiction. The Court shall retain jurisdiction over the terms and conditions of this Agreed Final Judgment and Mutual Release and Settlement Agreement to enforce same. The parties expressly acknowledge that the terms of this Judgment are sufficiently detailed and specific to be enforceable by the Court.

14.    Finality: This is a Final Judgment that disposes of all claims of all parties. All relief not expressly granted herein is denied. The Clerk of Court is directed to close this case.

SIGNED on this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

**AGREED AS TO SUBSTANCE AND FORM AND ENTRY REQUESTED:**

**LAW OFFICES OF BRUCE SHAW, PC**

*/s/ Stephen Gehringer, Esq.*
Stephen Gehringer, Esq.
PABN: 87020
sgehringer@shawlaws.com
2735 Terwood Road
Willow Grove, PA 19090
(267) 374-4290
(215) 657-6816

ATTORNEYS FOR PLAINTIFF,
DALE WILKINSON


**THE FREEMAN LAW FIRM, P.C.**

*/s/ T. Ernest Freeman*
T. ERNEST FREEMAN
TBN # 07431600
Fed ID: 15382
ernest@thefreemanlawfirm.com


*/s/ Gary W. DeSerio*
Gary W DeSerio
TBN# 05776300
Fed ID#: 3301
gary@thefreemanlawfirm.com
1770 St. James Place, Suite 120
Houston, Texas 77056
(713) 973-1000
(713) 973-1004 Fax

ATTORNEYS FOR DEFENDANTS,
HOWARD ANDREWS and
LISA DIEHL GREGORY

6

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of July ___, 2026 (the "Effective Date"), by and between Dale Wilkinson ("Plaintiff"), on the one hand, and Howard Andrews and Lisa Diehl Gregory ("Defendants"), on the other hand. Plaintiff and Defendants are referred to herein collectively as the "Parties" and each individually as a "Party."

## RECITALS

**WHEREAS**, disputes arose between the Parties concerning two separate 1962 Chevrolet Corvette vehicles, each alleged to bear the same vehicle identification number, VIN 20867S111261, namely Plaintiff's vehicle ("Subject Vehicle 1") and Defendants' vehicle ("Subject Vehicle 2");

**WHEREAS**, Plaintiff commenced litigation in the United States District Court for the Southern District of Texas, Houston Division, in the case captioned Dale Wilkinson v. Howard Andrews and Lisa Diehl Gregory, Civil Action No. 4:24-cv-02685 (the "Action"), asserting claims for declaratory judgment and slander/disparagement of title.

**WHEREAS**, Defendants answered the Action denying Plaintiff's material allegations and requested that Plaintiff take nothing and that Defendants recover such fees, costs, expenses, and other relief as allowed by law;

**WHEREAS**, the Parties dispute the allegations asserted against each other in the Action and deny any wrongdoing related to any claims, defenses, and requests for relief asserted therein; and

**WHEREAS**, in the interest of compromise and to avoid the additional time, expense, and uncertainty of continued litigation, the Parties have agreed to resolve the disputes between them on the terms and conditions set forth in this Agreement.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing recitals and all of the terms and conditions stated herein, and for other good and valuable consideration, the sufficiency of which is acknowledged, the Parties agree as follows.

1. **Recitals.** The foregoing Recitals are incorporated herein by reference and made part of this Agreement.

2. **Agreed Final Judgment.** The Parties shall execute and jointly present to the Court for entry an Agreed Final Judgment in the Action that memorializes the material terms of this Agreement. A true and correct copy of the Agreed Final Judgment is attached hereto as Exhibit "A" and incorporated by reference herein. Upon entry of the Agreed Final Judgment, all claims and causes of action asserted, or which could have been asserted, by Plaintiff against Defendants in the Action shall be dismissed with prejudice, and the Court shall retain jurisdiction over the Agreed Final Judgment to enforce same.

3. **Relinquishment of Interest.** Plaintiff hereby relinquishes, including for all times in the past and from now into the future, all claim, right, title, and interest in and to that certain designated vehicle identification number ("VIN"), VIN 20867S111261, that has been the subject of the Action regarding Subject Vehicle 1 and Subject Vehicle 2. Plaintiff is not relinquishing any rights, title, or interest in Subject Vehicle 1 itself and shall, at all times, retain possession of Subject Vehicle 1, its frame, and all its parts and components, with the exception of the VIN tag, which shall be disposed of as provided in Sections 7 and 8 below. However, nothing shall prevent Defendants from stating that their vehicle is heretofore the true owner of the VIN 20867S111261, made the subject of this lawsuit.

4. **Awards.** All Duntov, NCRS, and Bloomington awards and plaques in Plaintiff's possession originally awarded to the Defendant's subject vehicle 2, shall be provided to Defendants within sixty (60) days after entry of the Agreed Final Judgment and delivered to counsel of record for Defendants.

5. **Written Statement.** On or before thirty (30) days after entry of the Agreed Final Judgment, Plaintiff, himself or through counsel, shall issue the a written statement to: (a) the Houston Chronicle; and a separate written statement to (b) the discussion thread that Plaintiff initiated regarding the Vehicles in the Chevrolet Corvette Forum (https://www.corvetteforum.com), in the mutually approved language attached as Exhibit A upon execution of this Settlement Agreement and Release or, if approved later, before submission of the Agreed Final Judgment. Plaintiff shall not be responsible for any statements on any social media site, online forum, internet or cloud board, blog, website, or bulletin board where other individuals shared or discussed his comments, the vehicles, or the Houston Chronicle article, and Plaintiff shall not be obligated to post any statement in response to any such third-party comments.

6. **New Title and Alternate VIN.** Immediately upon entry of the Agreed Final Judgment, and in any event within thirty (30) days thereafter, Plaintiff shall make application for a new title for Subject Vehicle 1 and seek an alternate or state-assigned VIN for Subject Vehicle 1. Plaintiff shall provide written evidence to Defendants' counsel that a new VIN has been obtained for Subject Vehicle 1.. The Parties acknowledge that Plaintiff cannot make any guarantees as to the speed in which his application will be processed or timing in which he will be presented with a new VIN or title by the appropriate authorities.

7. **Relinquishment of Existing Title and VIN Tag.** Within thirty (30) days after entry of the Agreed Final Judgment, Plaintiff shall make application for a new title for Subject Vehicle 1 and for issuance of an alternate or state-assigned VIN for Subject Vehicle 1 to the Department of Motor Vehicles or other appropriate legal authority in his state for disposition pursuant to that authority's policies. Plaintiff shall provide written evidence to undersigned counsel that the application has been made within said thirty (30) day period, and shall thereafter provide written evidence of the new title and alternate VIN within ten (10) days of receipt. Plaintiff shall relinquish his current title and submit the current VIN tag to the Department of Motor Vehicles or other appropriate legal authority in his state as soon as it accepts and processes same, and in accordance with its procedures and timing requirements. The Parties acknowledge and accept that the Department of Motor Vehicles or other appropriate legal authority in Plaintiff's state shall conceal the Subject Vehicle 1's frame VIN stamp with a decal displaying the new, state assigned VIN. Such actions by the

2

Department of Motor Vehicles or other appropriate legal authority in Plaintiff's state shall constitute Plaintiff's performance under this paragraph. The Parties acknowledge that the Plaintiff cannot make any guarantees as to the speed in which his request for a new title and VIN will be processed or the timing in which a new VIN will be assigned to Subject Vehicle 1.

8. **Title Reinstatement Cooperation.** Plaintiff shall cooperate with and assist Defendants, as may be reasonably necessary to effectuate the spirit and letter of this Settlement Agreement and Release and the Agreed Final Judgment, including by executing required documents, in the reinstatement, confirmation, or correction of Defendants' title to Subject Vehicle 2 in Florida, Texas, North Carolina, and Arkansas, and in the retroactive cancellation of Subject Vehicle 1's issued titles and registration in the Commonwealth of Massachusetts, to the extent legally required or permitted.

9. **Duty of Cooperation.** The Parties shall cooperate and execute such additional documents as may be reasonably necessary to effectuate the spirit and letter of this Settlement Agreement and Release and the Agreed Final Judgment.

10. **Plaintiff's Release.** For good and valuable consideration, Plaintiff, on behalf of himself and his heirs, administrators, executors, representatives, successors, assigns, agents, attorneys, insurers, and all other persons acting or purporting to act on his behalf ("Plaintiff Releasing Parties"), fully and forever releases, dismisses, and discharges Defendants, and their heirs, administrators, executors, representatives, successors, assigns, agents, attorneys, insurers, of and from any and all claims, demands, losses, obligations, debts, liabilities, causes of action, suits, damages, costs, expenses, and compensation of whatever kind or nature, whether in law or equity or otherwise, whether known or unknown, anticipated or unanticipated, that the Plaintiff Releasing Parties may now have, or at any time prior hereto have had, from the beginning of time, including, without limitation, any claim or causes of action that were or could have been asserted in the Action and/or any claims or causes of action by reason of, in connection with, or in any way related to the Subject Vehicles, the disputed VIN or the facts or allegations alleged, or that could have been alleged, in the Action. Notwithstanding the foregoing, this provision does not waive or release Plaintiff's rights under the terms of this Agreement.

11. **Defendants' Release.** For good and valuable consideration, Defendants, on behalf of themselves and their heirs, administrators, executors, representatives, successors, assigns, agents, attorneys, insurers, and all other persons acting or purporting to act on his behalf ("Defendants' Releasing Parties"), fully and forever release, dismiss, and discharge Plaintiff, and his heirs, administrators, executors, representatives, successors, assigns, agents, attorneys, insurers, of and from any and all claims, demands, losses, obligations, debts, liabilities, causes of action, suits, damages, costs, expenses, and compensation of whatever kind or nature, whether in law or equity or otherwise, whether known or unknown, anticipated as well as unanticipated, that the Defendants' Releasing Parties may now have, or at any time prior hereto have had, from the beginning of time, including, without limitation, any claim or causes of action that were or could have been asserted in the Action and/or any claims or causes of action by reason of, in connection with, or in any way related to the Subject Vehicles, the disputed VIN or the facts or allegations alleged, or

that could have been alleged, in the Action. Notwithstanding the foregoing, this provision does not waive or release Defendants' rights under the terms of this Agreement

12. **No Admission of Liability.** The Parties hereto understand and agree that this Agreement is the result of a compromise of disputed claims and defenses. No Party admits liability, fault, responsibility, or wrongdoing to any other Party for any claim or matter. Any terms and consideration provided for by this Agreement are made and received in compromise of disputed claims and counterclaims and are not to be construed as an admission of liability by any Party or an admission against the interest of any Party

13. **No Disparagement.** The Parties agree that they shall not make, publish, or communicate any knowingly false statement concerning one another, Subject Vehicle 1 and Subject Vehicle 2. provided, however, that nothing herein shall prohibit truthful statements required by law, court order, governmental process, or statements regarding Subject Vehicle 1 and Subject Vehicle 2 that are reasonably necessary to effectuate this Settlement Agreement and Release or the Agreed Final Judgment. However, nothing shall prevent the parties from stating that Subject Vehicle 2 will be heretofore the true owner of VIN 20867S111261, made the subject of this lawsuit, provided such statement is not accompanied by any assertion or implication that the other party engaged in fraud, theft, forgery, wrongdoing, or other misconduct

14. **Costs and Expenses.** Plaintiff shall pay to Defendants, through their counsel, The Freeman Law Firm, P.C., the sum of Five Thousand Two Hundred Twenty Dollars and Seventy-Five Cents ($5,220.75), representing costs and expenses incurred in the defense of the Action, on or before sixty (60) days after entry of the Agreed Final Judgment

15. **Governing Law; Jurisdiction.** This Settlement Agreement is made, executed, and entered into in connection with the Action pending in the United States District Court for the Southern District of Texas and shall be governed by Texas law, except to the extent federal law governs enforcement of the Agreed Final Judgment. The Parties consent to the jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division, for disputes arising under or related to the Agreed Final Judgment and the Settlement Agreement and Release and, to the extent that court lacks jurisdiction over a dispute concerning this Settlement Agreement and Release or the Agreed Final Judgment, the state courts of Harris County, Texas shall be the proper and exclusive venue and forum.

16. **Execution of Additional Documents.** The Parties agree to execute any other documents reasonably necessary to effectuate the terms and intent of this Agreement, including documents reasonably necessary to present and implement the Agreed Final Judgment and to carry out the title, VIN, award-transfer, and retraction obligations described herein.

17. **Entire Agreement.** This Agreement is intended to be, and is, a full and final settlement between the Parties. The Parties further declare and represent that no promise, inducement, or agreement not herein expressed has been made to them, and that this Agreement contains the entire agreement between the Parties identified herein, and that the

4

terms of this Agreement are contractual and not a mere recital. This Agreement cannot be changed or modified except by further written agreement signed by each of the Parties.

18.     **Assignment; Warranty of Authority.** The Parties declare, represent, and warrant that they have not assigned, transferred, sold, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement, and that each signatory to this Agreement has the right and authority to execute this Agreement and bind the Party on whose behalf he or she signs to the terms of this Agreement in full, that each has the right to enter into this Agreement, and that each is doing so voluntarily.

19.     **Severability.** Each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision herein is held to be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, and the remaining provisions shall remain in full force and effect.

20.     **Waiver.** No waiver by any Party of any breach of any term or provision of this Agreement shall be binding unless such waiver is made in writing and signed by the Party intending to waive enforcement of said breach. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

21.     **Neutral Construction.** The Parties agree and acknowledge that this Agreement has been, and shall be, construed to have been drafted by all Parties to it so that the rule of construing ambiguities against the drafter shall have no force and effect. Each Party executing this Agreement represents and warrants that he or she had the opportunity to hire and consult with his or her own attorneys regarding the terms of this Agreement. Each Party further represents and warrants that he or she has read and understands this Agreement and voluntarily accepts it and agrees to abide by it.

22.     **Costs and Fees of Agreement.** Except as expressly provided in Section 14 above, each Party shall be responsible for its own costs and attorneys' fees.

23.     **Form of Execution.** This Agreement may be executed in counterparts. A facsimile (fax) signature, portable document format (PDF) signature, or signature electronically transmitted between the Parties shall be considered a binding signature and shall have the same force and effect as an original signature.

24.     **Enforcement of this Agreement.** In the event of the failure of a Party to comply with the terms and conditions of this Agreement or the Agreed Final Judgment, the non-offending party shall have the right to pursue enforcement of this Agreement and Judgment in a court of competent jurisdiction as identified in paragraph #15 above. To the extent allowable in that jurisdiction, the prevailing party may recover its reasonable costs and attorney's fees incurred in the enforcement of such action.

5



IN WITNESS WHEREOF, the Parties have executed this Agreement effective the date all signatures below have been exchanged.

**Parties:**

_____     Dated: _7/23/26_
Dale Wilkinson

_____     Dated: _____
Howard Andrews

_____     Dated: _____
Lisa Diehl Gregory

**APPROVED AS TO FORM:**

LAW OFFICES OF BRUCE SHAW,                THE FREEMAN LAW FIRM, P.C.
P.A.

By: _____                      By _____ & by permission
Stephen Gehringer. Esq.                    T. Ernest Freeman
PA Bar No. 87020                           Texas Bar No. 07431600
2735 Terwood Road                          1770 St James Place, Suite 120
Willow Grove, PA 19090                     Houston, Texas 77056
(267) 374-4290                             (713) 973-1000
sgehringer@shawlaws.com                    ernest@thefreemanlawfirm.com

                                           By: _____
**Counsel for Plaintiff**                      Gary W. Desserio
                                           Texas Bar No. 05776300
                                           gary@thefreemanlawfirm.com

                                           **Counsel for Defendants**

# EXHIBIT "A"

[illegible]

*Corvette Forum thread initiated by the Plaintiff thins://www.corvetteforum.com/*

The parties' dispute concerning VIN 20867S11126] has been resolved by an Agreed Final Judgment and Settlement Agreement and Release. As part of that resolution, I have withdrawn any claim against Howard Andrews and Lisa Diehl Gregory and their 1962 Corvette, and hereby withdraw any claim that my vehicle is the owner of VIN 20867S11126 as its manufacturer-assigned VIN.

I will retain my vehicle and pursue any required refitling or state-assigned VIN process through the appropriate [illegible] admission of liability or wrongdoing by any party.

In light of that resolution, all prior posts, statements, or comments inconsistent with this resolution are withdrawn.

*[Retraction Language to be submitted by Plaintiff's Date Wilkinson or its counsel to the Houston Chronicle.]*

The parties' dispute concerning VIN 20867S11126] has been resolved by an Agreed Final Judgment and Settlement Agreement and Release. As part of that resolution, my client, Dale Wilkinson, has withdrawn any claim against Howard Andrews and Lisa Diehl Gregory and their 1962 Corvette, and hereby withdraws any claim that the vehicle is the owner of VIN 20867S11126 as its manufacturer-assigned VIN.

Mr. Wilkinson will retain his vehicle and pursue any required refitling or state-assigned VIN process through the appropriate authorities. This resolution is a compromise of disputed claims and is not an admission of liability or wrongdoing by any party.

In light of that resolution, all prior posts, statements, or comments inconsistent with this resolution are withdrawn.

I respectfully request that you:

1.   expedite or at least any given [illegible]

2.   Remove or correct any statements suggesting the VIN or vehicle owned by Howard [illegible]

# EXHIBIT "A"

*[Retraction Language to be posted by Claimant Dale Wilkinson or his counsel to the Chevrolet Corvette Forum thread initiated by the Plaintiff (https://www.corvetteforum.com)]*

The parties' dispute concerning VIN 20867S111261 has been resolved by an Agreed Final Judgment and Settlement Agreement and Release. As part of that resolution, I have withdrawn any claim, against Howard Andrews and Lisa Diehl Gregory and their 1962 Corvette, and hereby withdraw any claim that my vehicle is the owner of VIN 20867S111261as its manufacturer-assigned VIN.

I will retain my vehicle and pursue any required retitling or state-assigned VIN process through the appropriate authorities. This resolution is a compromise of disputed claims and is not an admission of liability or wrongdoing by any party.

In light of that resolution, all prior public statements inconsistent with this resolution are withdrawn.

*[Retraction Language to be submitted by Claimant Dale Wilkinson or his counsel to the Houston Chronicle.]*

The parties' dispute concerning VIN 20867S111261 has been resolved by an Agreed Final Judgment and Settlement Agreement and Release. As part of that resolution, my client, Dale Wilkinson, has withdrawn any claim against Howard Andrews and Lisa Diehl Gregory and their 1962 Corvette, and hereby withdraws any claim that his vehicle is the owner of VIN 20867S111261as its manufacturer-assigned VIN.

Mt. Wilkinson will retain his vehicle and pursue any required retitling or state-assigned VIN process through the appropriate authorities. This resolution is a compromise of disputed claims and is not an admission of liability or wrongdoing by any party.

In light of that resolution, all prior public statements inconsistent with this resolution are withdrawn.

I respectfully request that you:

1.     Update or annotate any prior articles or content to reflect this outcome;

2.     Remove or correct any statements suggesting the VIN or vehicle owned by Howard Andrews and Lisa Diehl Gregory are not authentic.