United States District Court
Southern District of Texas

**ENTERED**

July 30, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DALE WILKINSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. Action No. 4:24-cv-02685** |
| | § | |
| **HOWARD ANDREWS and** | § | |
| **LISA DIEHL GREGORY** | § | |
| **Defendants** | § | |

# AGREED FINAL JUDGMENT

On this day, the Court considered the Joint Stipulation and Motion for Entry of Agreed Final Judgment. The Court, having been advised that Dale Wilkinson ("**Plaintiff**") and Howard Andrews and Lisa Diehl Gregory (together "**Defendants**") (collectively, the "**Parties**") have reached a full and final settlement of all claims and matters in controversy, finds that the Motion should be Granted and this Judgment should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. Relinquishment of Interest: Plaintiff hereby relinquishes (including all times in the past and from now into the future), all claim, right, title, and interest in and to that certain designated Vehicle Identification Number ("**VIN**"), VIN 20867S111261, that has been the subject of this litigation regarding Plaintiff's 1962 Chevrolet Corvette ("**Subject Vehicle 1**") and the Defendants' 1962 Chevrolet Corvette ("**Subject Vehicle** 2").

2. Settlement Agreement: The parties have entered into a Settlement Agreement encompassing terms, conditions, duties and responsibilities of each of the Parties. The Settlement Agreement is incorporated by reference herein and attached hereto as Exhibit "A". Plaintiff agrees to withdraw his claims that his vehicle is entitled to VIN 20867S111261 with prejudice. In that regard, all Duntov, NCRS, and Bloomington awards, plaques and photos of said awards and plaques originally awarded to Subject Vehicle 2 in the Plaintiff's possession shall be provided to

Defendants as part of this Judgment within sixty (60) days of the entry of this Judgment, to be delivered to the undersigned counsel of record for Defendants.

3. Written Retractions: By this Agreed Final Judgment and pursuant to the terms of the Settlement Agreement, on or before the expiration of thirty (30) days from date of entry of this Agreed Final Judgment, Plaintiff, himself or through counsel, shall issue separate statements in the language set forth in the Settlement Agreement and Mutual Release Exhibit "A." to (a) the Houston Chronicle; and (b) Chevrolet Corvette Forum (https://www.corvetteforum.com).

4. New Title and VIN Tag/Stamp: Within thirty (30) days after entry of this Judgment, Plaintiff shall make application to the Florida Department of Highway Safety and Motor Vehicles (FLHSMV) for a new title for Subject Vehicle 1 and for issuance of an alternate or state-assigned VIN for Subject Vehicle 1. Plaintiff's obligation under this Paragraph is limited to timely submitting such application and reasonably cooperating with the FLHSMV's requirements and procedures. Because the timing of any inspection, review, approval, issuance, or other action on such application is controlled by the FLHSMV and is outside Plaintiff's control, Plaintiff does not warrant or represent that a new title or alternate VIN will be issued within any particular period. Plaintiff shall provide written evidence to undersigned counsel that the application has been made within said thirty (30) day period and shall thereafter provide written evidence of the new title and alternate VIN within ten (10) days of receipt.

5. Relinquishment: Plaintiff shall relinquish his current title and submit the current VIN tag to the Florida Department of Highway Safety and Motor Vehicles (FLHSMV) as soon as the FLHSMV accepts and processes same, and in accordance with the FLHSMV's procedures and timing requirements. Plaintiff shall allow the FLHSMV to conceal the VIN frame stamp in accordance with its procedures. The Plaintiff shall act diligently and in good faith to accomplish such relinquishment following entry of this Judgment and shall provide Defendants with

documentary proof of the relinquishment of title and the concealment, surrender and/or destruction of the frame's VIN stamp and steering column VIN tag promptly upon Plaintiff's receipt of such documentation.

6. Title Reinstatement Cooperation: Plaintiff shall cooperate with and assist, as may be reasonably necessary to effectuate the spirit and letter of the Settlement Agreement and Release and the Agreed Final Judgment, including the execution and presentment of any required documents or notices in the reinstatement of Defendants' title in the states of Florida, Texas, North Carolina, and Arkansas, to also include the retroactive cancellation of the Plaintiff's Subject Vehicle 1's issued titles and registration in the Commonwealth of Massachusetts.

7. Duty of Cooperation: The Parties shall cooperate and execute such documents as may be reasonably necessary to effectuate the spirit and letter of the Settlement Agreement and Release and this Judgment. The Plaintiff shall specifically assist Defendants in obtaining clear title(s) for Defendants' Subject Vehicle 2 and ensure that all statements (as described in Section 3, above) are made.

8. No Disparagement: As defined by the Settlement Agreement, the Parties shall not make, publish, or communicate any knowingly false statement concerning one another, Subject Vehicle 1, or Subject Vehicle 2.

9. Costs and Expenses: Plaintiff shall pay the sum of $5,220.75 to Defendants, through their counsel, The Freeman Law Firm, P.C., representing costs and expenses incurred in the defense of this case on or before the expiration of sixty (60) days from date of entry of this Judgment.

10. Florida Department of Highway Safety and Motor Vehicles. Based upon the Parties' agreement, the Court finds that Plaintiff has fully and forever relinquished any and all claim, right, title, or interest in and to VIN 20867S111261, and shall not hereafter assert any right to use, register, title, transfer, market, or represent Subject Vehicle 1 as bearing VIN 20867S111261. The Court further finds that Plaintiff

remains the lawful owner and possessor of Subject Vehicle 1 itself, separate and apart from any claim to VIN 20867S111261, and that the remaining issue concerning Subject Vehicle 1 is the lawful reassignment of identifying information sufficient to permit Subject Vehicle 1 to be titled, registered, and identified in accordance with applicable law.

The Court therefore expressly directs and requests that the Florida Department of Highway Safety and Motor Vehicles, including its divisions, bureaus, regional offices, local offices, compliance examiners, and other personnel acting under its authority, recognize this Judgment as establishing that Plaintiff has no claim to VIN 20867S111261 and that Subject Vehicle 1 requires alternate lawful identification. Upon presentment of this Judgment, and upon Plaintiff's compliance with any reasonable inspection, documentary, or administrative requirements imposed by Florida law, the appropriate Florida authorities are directed and requested to process Subject Vehicle 1 for issuance of a replacement or state-assigned vehicle identification number and corresponding certificate of title, and to do so in a manner that preserves Plaintiff's possession of Subject Vehicle 1 and avoids seizure, confiscation, or forfeiture of the vehicle itself.

11. The Court therefore expressly directs and requests that the Department of Motor Vehicle licensing, titling and registration for the following state entities: Texas Department of Motor Vehicles (TXDMV); the North Carolina Division of Motor Vehicles (NCDMV) Title & Registration; the Florida Department of Highway Safety and Motor Vehicles (FLHSMV); the Arkansas Department of Finance and Administration; and the Commonwealth of Massachusetts Registry of Motor Vehicles, and their divisions, bureaus, regional offices, local offices, compliance examiners, and other personnel acting under their respective authority, recognize this Agreed Final Judgment as establishing that Defendants and Subject Vehicle 2 have all claims, rights, title, and interest in and to that certain designated Vehicle Identification Number ("**VIN**"), VIN 20867S111261, that has been the subject of this litigation, and allow for the retroactive or current reinstatement, correction, and issuance of title and registration in accordance with respective State

laws and regulations using VIN 20867S111261.

12. Dismissal of Claims: All claims and causes of action asserted or which could have been asserted by Plaintiff against Defendants in this action are hereby DISMISSED WITH PREJUDICE, each party to bear its own costs and attorney's fees except for those costs provided for in Section 9, above.

13. Jurisdiction. The Court shall retain jurisdiction over the terms and conditions of this Agreed Final Judgment and Mutual Release and Settlement Agreement to enforce same. The parties expressly acknowledge that the terms of this Judgment are sufficiently detailed and specific to be enforceable by the Court.

14. Finality: This is a Final Judgment that disposes of all claims of all parties. All relief not expressly granted herein is denied. The Clerk of Court is directed to close this case.

Signed on July 30, 2026, at Houston, Texas.

Dena Palermo

Dena Hanovice Palermo
United States Magistrate Judge

**AGREED AS TO SUBSTANCE AND FORM AND ENTRY REQUESTED:**

**LAW OFFICES OF BRUCE SHAW, PC**

*/s/ Stephen Gehringer, Esq.*
Stephen Gehringer, Esq.
PABN: 87020
sgehringer@shawlaws.com
2735 Terwood Road
Willow Grove, PA 19090
(267) 374-4290
(215) 657-6816

ATTORNEYS FOR PLAINTIFF,
DALE WILKINSON

**THE FREEMAN LAW FIRM, P.C.**

*/s/ T. Ernest Freeman*
T. ERNEST FREEMAN
TBN # 07431600
Fed ID: 15382
ernest@thefreemanlawfirm.com

/s/ Gary W. DeSerio
Gary W DeSerio
TBN# 05776300
Fed ID#: 3301
gary@thefreemanlawfirm.com
1770 St. James Place, Suite 120
Houston, Texas 77056
(713) 973-1000
(713) 973-1004 Fax

ATTORNEYS FOR DEFENDANTS,
HOWARD ANDREWS and
LISA DIEHL GREGORY